IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA W.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-490**      (Fam. Ct. Taylor Cnty. Case No. 14-D-40)

**SPENCER W.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina W.[1] appeals the Family Court of Taylor County's October 17, 2023, order denying her motion for reconsideration regarding her request to hire an accountant to calculate and track accumulating interest on money owed by Respondent Spencer W. for Tina W.'s share of equitable distribution. Spencer W. did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties share one minor child, S.W., born in 2006. The parties were divorced by an agreed divorce order entered on January 13, 2015. In that order, Spencer W. was to pay Tina W. $550,000 with 5% interest accruing per year for her share of equitable distribution. The final divorce order also divided the family's businesses and ordered Spencer W. to pay child support.

Spencer W. immediately refused to comply with the parties' agreed divorce order. Accordingly, Tina W. filed her first of many petitions for contempt on March 26, 2015. After multiple hearings were held regarding Spencer W.'s ongoing contempt, Spencer W. now owes more than $700,000, including interest, for Tina W.'s share of equitable distribution. Throughout this lengthy litigation, the family court has required Spencer W. to enlist the services of his own accountant or another qualified professional to track his

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Tina W. is self-represented.

payments and the accumulation of interest on his equitable distribution obligation. However, on or about August 15, 2023, due to Spencer W.'s repeated failure to comply with the family court's rulings, Tina W. filed a motion to reconsider, wherein she requested that the family court allow her to enlist the services of her own accountant because they are familiar with the parties' situation.

The family court entered an order on October 17, 2023, denying Tina W.'s motion for reconsideration. In that order, the family court held that none of the reasons included in Tina W.'s motion for reconsideration fell within West Virginia Code § 51-2A-10(a) (2001), which provides the guidelines for when a family court may grant reconsideration.[3] However, the family court further ordered that "should . . . [Tina W.] cause to be prepared the ordered accounting as she has requested with her own accountant before . . . [Spencer W.] enlists the services of his own accountant, then in that event . . . [Spencer W.] shall reimburse [Tina W.] for reasonable costs paid by [Tina W.] to obtain the accounting." It is from that order that Tina W. now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __ S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

---

[3] West Virginia Code § 51-2A-10(a) states:

> Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

On appeal, Tina W. asserts that the family court erred when it denied her motion for reconsideration regarding her request to use her own accountant to track accumulating interest on Spencer W.'s equitable distribution obligation. We disagree. The family court was correct in denying Tina W.'s motion for reconsideration because it failed to fall within one of the five reasons for which a motion for reconsideration may be filed pursuant to West Virginia Code §51-2A-10. However, even though the family court denied Tina W.'s motion for reconsideration, it also ordered that if Tina W. chose to use her own accountant, that "Spencer [W.] shall reimburse [Tina W.] for reasonable costs paid by [Tina W.] to obtain the accounting." Thus, the family court clearly stated its approval for Tina W. to use her own accountant and seek reimbursement for any reasonable associated costs.

Accordingly, we affirm the family court's October 17, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear